Ernest G. Lindgren, Plaintiff-Appellant, v. Metropoli-
tan Life Insurance Company and Mac-O-V Cor-
poration, Defendants-Appellees.

Gen. No. 64–28.

Second District.
March 5, 1965.
Supplemental opinion May 17, 1965.
Rehearing denied May 17, 1965.

Brown, Connolly and Paddock, of Rockford (Ken-
neth F. Ritz, of counsel), for appellant.

Williams, McCarthy & Kinley, Early and Lundin,
all of Rockford, for appellees.

ABRAHAMSON, P. J.
This action was brought by the plaintiff as a benefi-
ciary under a group life insurance policy issued by the
defendant, Metropolitan Life Insurance Company,

hereinafter called Metropolitan. The master policy had originally been entered into between Metropolitan and McDonald's System, Inc. and provided coverage for eligible employees of both McDonald's and their franchise units, of which the defendant, Mac-O-V Corporation, was one.

The plaintiff's son, Willard F. Lindgren, was employed by Mac-O-V Corporation and in April, 1960, applied for coverage under the group plan. He designated the plaintiff as his beneficiary. A certificate was issued by Metropolitan to Willard Lindgren, insuring his life for the sum of $5,000. The certificate provided that payment would be made if the employee should die while insured thereunder or become totally disabled by injury or disease while insured and die as a result of the disability within certain designated periods thereafter. The policy was "contributory," that is, the premiums were entirely paid for by the employee, being deducted from his pay check by his employer, Mac-O-V.

On or about May 31, 1962, Metropolitan and McDonald's terminated the master policy, and ended their relationship. However, in error, Mac-O-V deducted the usual amount of the premium on the Metropolitan policy from Lindgren's pay check for June, 1962. There appears to be no dispute to the fact that Willard Lindgren had no notice of the termination of the master policy until June 30, 1962. Thereafter, on the following day, July 1, 1962, he entered the hospital with an incurable disease from which he died on September 30, 1962.

The plaintiff's suit was brought on two counts, one against Metropolitan on the policy, and, in the alternative, against Mac-O-V for negligence in administering the policy. The trial court dismissed both counts on motions and affidavits filed by the defendants pursuant to the Civil Practice Act (Ill Rev Stats 1963,

316

c 110, § 48(i)) and entered judgment for the defendants. This appeal followed.

Plaintiff contends that although the master policy could be terminated by the two parties to the contract, Metropolitan and McDonald's, that they could not do so effectively without giving reasonable notice to the individual insureds.

There appears to be no Illinois cases on this exact point. The United States District Court in Kansas, in Fagan v. John Hancock Mut. Life Ins. Co., 200 Fed Supp 142 (DC Kan 1961) purportedly uses Illinois law in deciding a case with some similarities to our own. There a group policy was entered into between the Insurer and Employer providing life insurance for employees as long as they worked full-time. Subsequently, the master policy was amended to terminate coverage when any employee reached normal retirement age, whether or not he in fact retired. An employee, Fagan, continued to work after normal retirement age and upon his death his named beneficiary brought an action on the policy. The court stated:

> "At this juncture, plaintiffs allege that since no notice of the amendment was given to deceased, it was not effective. Although deceased was not a party to the insurance contract, he did have right under it. For example, he could designate beneficiaries. He could also convert to an individual policy within thirty-one days after termination of coverage under the group policy. The weight of authority is that notice must be given the employee of any modification of the contract which affects his rights. (Citations) This is a sound rule. Unless an employee is notified of coverage termination, he cannot take advantage of his conversion rights."

The court stated further in that opinion that:

317

"The reason for the rule of notice is to secure to the employee an opportunity to take advantage of his conversion right or to procure other insurance coverage."

The court then ruled in favor of the defendant-insurer on the ground that sufficient notice had been, in fact, given to the decedent of the amendment.

In Poch v. Equitable Life Assur. Society, 343 Pa 119, 22 A2d 590, 142 ALR 1279, the Supreme Court of Pennsylvania was called on to determine whether the disability provisions of a master group policy could be deleted by amendment without reasonable notice to the insured employees. The policy under consideration was contributory. The court, in holding that the amendment was not effective without reasonable notice to the employees, stated as follows:

"Upon a review of the authorities, and upon reason as well, our conclusion is that, under a group policy like that now before us, the insured employee must be regarded as a party to the insurance contract at least to the extent that the group policy cannot be cancelled or any of its effective provisions eliminated, by either the employer or insurer, except in a manner provided by the policy, without giving such employee notice of the intended cancellation or modification, so that he may timely exercise any conversion privilege which may be available to him under the terms of the policy or, where such privilege is not given, in order that he may seasonably obtain similar insurance protection on his own account elsewhere; further, that in the absence of notice, an agreement of cancellation or modification like that here entered into between the Association and the Society is, as to such employee, legally

ineffective to relieve the insurance company from liability under the original policy."

All the parties to this Appeal refer copiously and approvingly in their Briefs to an Annotation appearing in 68 ALR2d 249 entitled "Cancellation or Modification of Master Policy as Termination of Coverage under Group Policy." The annotation deals with the employer's right to cancel or modify the master policy, whether the employee's consent is necessary, whether notice to the employee is a prerequisite, and whether or not the attachment of liability prevents cancellation. The Annotator states, on page 269:

"In a majority of cases directly dealing with this question the view has been taken that, without reasonable notice to the employee, the employer may not cancel or modify a master group policy, before liability has attached, so as to deprive the employee or his beneficiary of rights under the policy."

■ We agree with the reasoning in the Annotation and in the cases cited above. Where an employee applies for coverage under a group policy, is accepted, and pays the premiums required by the insurer, he has a vested interest in that policy at least to the extent that he cannot be divested without notice.

The certificate issued by Metropolitan indicates that the employee, Lindgren, had conversion privileges under the policy. He was entitled to a determination of whether any of the conversion privileges were available to him or to the right of seeking adequate protection elsewhere. The fact, and it is disputed, that he would have been ineligible under McDonald's subsequent group policy with another insurer is irrelevant.

■ We rule that the termination of the master policy was ineffective as to the decedent, Lindgren,

319

and his beneficiary, because he was not provided reasonable notice thereof.

The cause is reversed and remanded with directions that the trial court proceed in accordance with the views herein expressed.

Reversed and remanded.

CARROLL and MORAN, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF PETITIONS
FOR REHEARING

The Defendant, Mac-O-V, contends that the cause of action, Count I of plaintiff's complaint against Metropolitan Life Insurance Company, having been sustained by this Court that the alternate Count against Mac-O-V should be dismissed, interpreting our opinion to mean that Metropolitan Life Insurance Company is primarily liable for failure to give notice.

From the pleadings filed herein and the motion to dismiss both Counts, granted by the trial court, we are unable to determine whether or not the Defendant, Metropolitan Life Insurance Company, or the Defendant, Mac-O-V, was under a duty to give reasonable notice of cancellation of the master life insurance policy to the decedent. It is our conclusion that the decedent, William F. Lindgren, was entitled to notice of the cancellation and we are unable to determine from this record whether the responsibility for this notice is with the Defendant, Metropolitan, or the Defendant, Mac-O-V, for failure to exercise due care in the administration of the insurance program.

For the foregoing reasons we adhere to the opinion and the Petitions for Rehearing are denied.